CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

4/17/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY<br><br>                         Plaintiff,<br><br>v.<br><br>DARRELL WAYNE FAUBER, Trustee of the Evelyn D. Fauber Trust,<br><br>    Serve:  1014 E. 22nd Street<br>               Buena Vista, VA 24416<br><br>DARRELL WAYNE FAUBER, Executor of the Estate of Evelyn D. Fauber, Deceased<br><br>    Serve:  1014 E. 22nd Street<br>               Buena Vista, VA 24416<br><br>NINA G. RHOADES, Trustee for the benefit of Evelyn D. Fauber,<br><br>    Serve:  101 W. Village Dr., Apt. 304<br>              Staunton, VA 24401<br><br>GREGORY C. FAUBER,<br><br>    Serve:  440 E. 12th Street<br>              Buena Vista, VA 24416<br><br>and<br><br>SHERI FAUBER<br><br>    Serve:  295 Vista Links Dr<br>              Buena Vista, VA 24416<br><br>                        Defendants. | Civil Action No. 6:20CV00025 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND INTERPLEADER

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by counsel, as its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 *et seq.*, and Fed. R. Civ. P. 57, and for Interpleader pursuant to Fed. R. Civ. P. 22, states the following:

### NATURE OF THE CASE

1. State Farm seeks a determination of the rights, duties, status and other legal relations and obligations, if any, of the parties hereto under a Homeowners Policy (Policy Number 46-CP-V920-4) issued by State Farm Fire and Casualty Company to Defendants Sheri Fauber and Gregory C. Fauber, insuring a dwelling located at 440 E. 12 Street, Buena Vista, VA 24416. A true and accurate copy of the Homeowners Policy, including the policy declarations, forms and endorsements, is attached hereto as **Exhibit 1.** In connection with a fire loss that reportedly occurred at the dwelling on or about November 23, 2018, an actual, justiciable controversy exists among the parties regarding their respective rights, duties, status and other legal relations and obligations, if any, under the terms and conditions of the Homeowners Policy.

2. Additionally, because two or more adverse claimants are claiming entitlement to the proceeds of the Homeowners Policy arising out of the November 23, 2018 fire loss, State Farm seeks to interplead the disputed insurance proceeds into Court in accordance with Fed. R. Civ. P. 22.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between the Plaintiff and each Defendant and the amount in controversy ($107,177.23) exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Illinois, and all Defendants are citizens of Virginia.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The Western District of Virginia, Lynchburg Division is a judicial district and division in which: (i) one or more of the defendants resides, and all defendants are residents of Virginia; (ii) a substantial part of the events or omissions giving rise to this action occurred; (iii) a substantial part of the property that is the subject of the action is located; and (iv) all defendants are subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

5. Plaintiff State Farm Fire and Casualty Company is an Illinois corporation with its principal place of business in Bloomington, Illinois, and a citizen of the State of Illinois pursuant to 28 U.S.C. § 1332(c)(1). State Farm is licensed to do business as an insurance company and is doing business in the Commonwealth of Virginia. State Farm issued the Homeowners Policy which is the subject of this action.

6. Defendants Sheri Fauber and Gregory C. Fauber are residents of Buena Vista, Virginia, and citizens of Virginia. Defendants Sheri Fauber and Gregory C. Fauber are named insureds under the Homeowners Policy which is the subject of this action. *See* **Exhibit 1**.

7. Defendants Darrell Wayne Fauber and Nina G. Rhodes ("the Adverse Claimants") are residents and citizens of Virginia. In his capacity as Trustee of the Evelyn D. Fauber Trust and Executor of the Estate of Evelyn D. Fauber, Deceased, Darrell Wayne Fauber, by counsel, has asserted an ownership interest in the subject dwelling; filed a partition suit in the Circuit Court of the City of Buena Vista, *see* **Exhibit 2**; and asserted a claim to any proceeds that may be paid by State Farm under the Homeowners Policy arising out of the November 23, 2018

fire loss. *See* **Exhibit 4**.[1] Defendant Nina G. Rhodes is a co-plaintiff in the aforementioned partition suit and, in her capacity as "Trustee for the benefit of Evelyn D. Fauber", also has asserted an ownership interest in the dwelling and a claim to any proceeds that may be paid by State Farm under the Homeowners Policy arising out of the November 23, 2018 fire loss. *Id.* To the extent that Darrell Wayne Fauber and/or Nina G. Rhoades are asserting a claim as legal representatives of the estate of Evelyn D. Fauber, deceased, they are deemed to be citizens of the same State as the decedent. 28 U.S.C. § 1332(c)(2). At all pertinent times, the decedent (Evelyn D. Fauber) was a citizen of Virginia.

## FACTS

### a. The Fire Loss and Claim

8. On or about November 23, 2018, the dwelling located at 440 East 12th Street, Buena Vista, VA 24416 ("the Dwelling") was damaged as a result of a fire loss ("the Loss").

9. At the time of the Loss, Defendants Sheri Fauber and Gregory C. Fauber were named insureds under a Homeowners Policy (Policy Number 46-CP-V920-4) issued by State Farm ("the Policy"), which insured the Dwelling and its contents. A true and accurate copy of the Policy is attached hereto as **Exhibit 1.**

10. On or about November 23, 2018, Defendants Sheri Fauber and Gregory C. Fauber reported the Loss to State Farm and made a claim under the Policy (Claim Number 46-6684-C15) ("the Claim").

11. To date, State Farm has adjusted the Claim and made indemnity payments under the Policy totaling $172,531.56. *See* **Exhibit 3** (Summary of Loss).

---

[1] Upon information and belief, at all pertinent times the "Evelyn D. Fauber Trust" and all trustees and beneficiaries thereof are and were residents and citizens of Virginia.

12. Subject to all applicable policy terms and conditions, State Farm has determined that additional indemnity payments are owed under the terms of the Homeowners Policy. Under Section I, Coverage A of the Policy, State Farm owes an actual cash value payment of $51,328.95 for damage to the dwelling, which is the estimated repair cost less prior payments, the policy deductible, and depreciation. In accordance with the Policy's Section I - Loss Settlement provision, an additional indemnity payment of $55,848.28 under Section I, Coverage A will be owed for depreciation (replacement cost), at such time as repair or replacement of the damaged part of the dwelling is actually completed.

### b. The Adverse Claims

13. By letter dated February 3, 2020, Defendants Darrell Wayne Fauber and Nina G. Rhodes, by counsel, notified State Farm that in their capacities as co-owners of the subject property (individually and/or as legal representatives of the estate of the decedent), Defendants Darrell Wayne Fauber and Nina G. Rhodes are asserting a claim to the insurance proceeds payable under the State Farm Homeowners Policy with respect to the Claim (hereafter "the Adverse Claims"). *See* **Exhibit 4**. State Farm denies that the Adverse Claims are valid, and denies any liability under the Policy for the Adverse Claims.

### c. The Homeowners Policy

14. At all pertinent times, Defendants Sheri Fauber and Gregory C. Fauber have been the named insureds shown in the Declarations Page of the Policy. *See* **Exhibit 1**.

15. The Section I – Conditions of the Policy provide in part: "We will adjust all losses with you. We will pay you unless some other person is named in the policy." **Exhibit 1** (Homeowners Policy (Form FP-7155.5), at p. 13, ¶ 8). The Policy defines "you" and "your" in

part as the "named insured" shown in the Declarations, and "your spouse … if a resident of your household." *Id.* (Homeowners Policy (Form FP-7155.5), at p. 1 (Definitions)).

16. At all pertinent times, Defendants Darrell Wayne Fauber and Nina G. Rhodes (both individually and in their capacities as legal representatives of the decedent and/or the decedent's estate) are and have been strangers to the Policy. Neither qualifies as an "insured", and neither qualifies as "you" or "your", as those terms are defined by the Policy.

17. The Policy further provides that "[e]ven if more than one person has an insurable interest in the property covered, we shall not be liable: a. to the **insured** for an amount greater than the **insured's** interest; or b. for more than the applicable limit of liability." **Exhibit 1** (Homeowners Policy (Form FP-7155.5), at p. 12, ¶ 1).

## COUNT I
### (Request for Declaratory Relief)

18. The allegations set forth in paragraphs 1 through 17 above are hereby re-alleged and incorporated by reference as if fully set forth herein.

19. By virtue of the Adverse Claims described herein, an actual, justiciable controversy exists among the parties as to the rights, duties, status and other legal relations and obligations, if any, of the parties hereto under the Homeowners Policy (Policy Number 46-CP-V920-4) in connection with the Dwelling, the Loss, the Claim and the Adverse Claims.

20. Specifically, an actual, justiciable controversy exists as to (i) who among the named defendants qualifies as an "insured" under the Policy, and the extent of each "insured's" interest in the Dwelling; (ii) whether State Farm has any duty or obligation to honor the Adverse Claims; and (iii) whether, how and to whom State Farm should pay the additional insurance proceeds which are payable presently, or which may become payable in the future, in connection with the Dwelling, the Loss, the Claim and the Adverse Claims.

## COUNT II
## (Interpleader)

21. The allegations set forth in paragraphs 1 through 20 above are hereby re-alleged and incorporated by reference as if fully set forth herein.

22. The claims presented by the defendants named herein to the insurance proceeds are adverse and may expose State Farm to double or multiple liability.

23. The multiple claims of the defendants are derived from and are dependent upon a common source, to wit, the outstanding indemnity payments under Section I, Coverage A of the Policy, as summarized above.

24. The defendants should be required to interplead their respective claims to the insurance proceeds in accordance with Fed. R. Civ. P. 22.

25. In the event the Court determines that the Adverse Claimants have presented valid Adverse Claims to the Coverage A insurance proceeds, an Order should be entered directing that the outstanding Coverage A insurance proceeds described herein and payable under the Policy be paid or tendered into Court and, upon payment into Court, that State Farm shall be discharged from any further liability therefore.

**PRAYER FOR RELIEF**

WHEREFORE, with respect to Count I, State Farm Fire and Casualty Company prays that this Honorable Court enter an Order which declares the rights, duties, status and other legal relations and obligations, if any, of the parties under the Homeowners Policy (Policy Number 46-CP-V920-4) issued by State Farm Fire and Casualty Company to Defendants Sheri Fauber and Gregory C. Fauber, in connection with the Dwelling, the Loss, the Claim and the Adverse Claims; and declares that State Farm has no duty or obligation under the Policy to pay or honor the Adverse Claims made by Defendants Darrell Wayne Fauber and

Nina G. Rhodes (both individually and in their capacities as trustees, executors and/or legal representatives of the estate of Evelyn D. Fauber, deceased).

With respect to Count II, in the event the Court determines that the Adverse Claimants have asserted a valid claim to the insurance proceeds, State Farm requests an Order which permits State Farm to deposit the insurance proceeds presently payable under Section I, Coverage A of the Policy (totaling $51,328.95) into the registry of this Court, and requires the defendants to interplead their respective claims thereto, pursuant to Fed. R. Civ. P. 22; and which permits State Farm to deposit the additional indemnity payment of $55,848.28 for depreciation under Section I, Coverage A, if and when such sums become due and payable under the terms of the policy, at such time as repair or replacement of the damaged part of the dwelling is actually completed in accordance with the policy terms, and requires the defendants to interplead their respective claims thereto, pursuant to Fed. R. Civ. P. 22; and which orders that upon payment of such insurance proceeds into Court, State Farm shall be forever discharged from any and all liability to the defendants and to any other person or entity claiming entitlement to said proceeds by or through the defendants. State Farm further requests an award of its costs; and for such other and further relief as the Court deems appropriate.

                STATE FARM FIRE AND CASUALTY COMPANY

By:   /s/ Alexander S. de Witt
      Alexander S. de Witt, Esq. (VSB 42708)
      FREEBORN & PETERS LLP
      901 East Byrd Street, Suite 950
      Richmond, Virginia  23219
      Telephone:   (804) 644-1300
      Facsimile:   (804) 644-1354
      Email:   adewitt@freeborn.com
      *Attorney for State Farm Fire and Casualty Co.*