IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DARRELL WAYNE FAUBER, Trustee of the Evelyn D. Fauber Trust; DARRELL WAYNE FAUBER, Executor of the Estate of Evelyn D. Fauber, Deceased; NINA G. RHOADES, Trustee for the benefit of Evelyn D. Fauber; GREGORY C. FAUBER; and SHERI FAUBER,<br><br>　　　　　　　　　　Defendants. | Case No. 6:20-cv-00025-NKM-RSB |

**BRIEF IN SUPPORT OF STATE FARM'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by counsel, for its memorandum of law in support of State Farm's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, respectfully submits the following:

**I. Statement of Undisputed Material Facts**

In accordance with Local Civil Rule 56(B) of the Western District of Virginia, the salient material facts of this case (including the facts alleged in the Complaint) are undisputed, and are summarized below, as follows:[1]

---

[1] In their Answers, Defendants Darrell Wayne Fauber and Nina G. Rhodes have admitted the relevant facts alleged in the Complaint [ECF No. 12, 13.]. Each has asserted "a claim to the insurance proceeds as rightful property owners of the dwelling that was insured by State Farm." [*Id.* at ¶ 13.] Neither Gregory Fauber nor Sheri Fauber has filed an Answer to the Complaint to date. Accordingly, the allegations of the Complaint are deemed admitted as to both Gregory Fauber and Sheri Fauber. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also*

**1. Complaint for Declaratory Judgment.** As alleged in the Complaint, State Farm seeks a determination of the rights, duties, status and other legal relations and obligations, if any, of the parties hereto under a Homeowners Policy (Policy Number 46-CP-V920-4) issued by State Farm to Defendants Sheri Fauber and Gregory C. Fauber, insuring a dwelling located at 440 E. 12 Street, Buena Vista, VA 24416, following a fire loss that occurred at the dwelling on November 23, 2018. [ECF 1, Complaint ¶ 1.] Because multiple parties have claimed entitlement to the insurance proceeds arising out of fire loss, State Farm seeks to interplead the disputed insurance proceeds into Court in accordance with Fed. R. Civ. P. 22. [*Id.*]

On November 23, 2018, the dwelling located at 440 East 12th Street, Buena Vista, VA 24416 ("the Dwelling") was damaged as a result of a fire loss ("the Loss"). [ECF 1, Complaint ¶ 8.] At the time of the Loss, Defendants Sheri Fauber and Gregory C. Fauber were named insureds under a Homeowners Policy (Policy Number 46-CP-V920-4) issued by State Farm ("the Policy"), which insured the Dwelling and its contents. [*Id.* ¶ 9.] A true and accurate copy of the Policy has been filed as <u>Exhibit 1</u> to the Complaint. [*Id.*; *see also* ECF 1-1 (Policy).]

On November 23, 2018, Defendants Sheri Fauber and Gregory C. Fauber reported the Loss to State Farm and made a claim under the Policy (Claim Number 46-6684-C15) ("the Claim"). [ECF 1, Complaint ¶ 10.] State Farm adjusted the Claim and made indemnity payments under the Policy totaling $172,531.56. [*Id.* ¶ 11; ECF 1-3 (Summary of Loss)].

Subject to all applicable policy terms and conditions, State Farm has determined that additional indemnity payments are owed under the terms of the Homeowners Policy. [ECF 1, Complaint ¶ 12.] Specifically, under Section I, Coverage A of the Policy, State Farm owes an actual cash value payment of $51,328.95 for damage to the dwelling, which is the estimated

---

*Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F .2d 1200, 1206 (5th Cir. 1975) ("[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, …").

repair cost less prior payments, the policy deductible, and depreciation. [*Id.*] In the event repair or replacement of the damaged part of the dwelling is actually completed, State Farm would owe an additional indemnity payment of $55,848.28 under Section I, Coverage A for depreciation (replacement cost) pursuant to the Policy's Section I – Loss Settlement provision. [*Id.*] However, as summarized below, no repairs have been performed to the dwelling to date, and none are anticipated in the future. The property will be sold at a court-ordered auction sale in its current, unrepaired condition in connection with a partition suit pending in the Buena Vista Circuit Court. Consequently, the only remaining indemnity payment owed under the terms Policy is the actual cash value payment of $51,328.95.

By letter dated February 3, 2020, Defendants Darrell Wayne Fauber and Nina G. Rhodes, by counsel, notified State Farm that in their capacities as co-owners of the subject property (individually and/or as legal representatives of the estate of the decedent), Defendants Darrell Wayne Fauber and Nina G. Rhodes are asserting a claim to the insurance proceeds payable under the State Farm Homeowners Policy with respect to the Claim (hereafter "the Adverse Claims"). [ECF 1, Complaint ¶ 13; ECF 1-4.] State Farm denies that the Adverse Claims are valid, and denies any liability under the Policy for the Adverse Claims. [*Id.*]

At all pertinent times, Defendants Sheri Fauber and Gregory C. Fauber have been the named insureds shown in the Declarations Page of the Policy. [ECF 1, Complaint ¶ 14; ECF 1-1.] The Section I – Conditions of the Policy provide in part: "We will adjust all losses with you. We will pay you unless some other person is named in the policy." [ECF 1, Complaint ¶ 15; ECF 1-1 (Homeowners Policy (Form FP-7155.5), at p. 13, ¶ 8)]. The Policy defines "you" and "your" in part as the "named insured" shown in the Declarations, and "your spouse … if a resident of your household." [*Id.*, ECF 1-1, Homeowners Policy (Form FP-7155.5), at p. 1 (Definitions)].

3

The Policy further provides that "[e]ven if more than one person has an insurable interest in the property covered, we shall not be liable: a. to the **insured** for an amount greater than the **insured's** interest; or b. for more than the applicable limit of liability." [ECF 1, Complaint ¶ 17; ECF 1-1 (Homeowners Policy (Form FP-7155.5), at p. 12, ¶ 1)].

Defendants Darrell Wayne Fauber and Nina G. Rhodes (both individually and in their capacities as legal representatives of the decedent and/or the decedent's estate) are and have been strangers to the Policy. [ECF 1, Complaint ¶ 16.] Neither qualifies as an "insured", and neither qualifies as "you" or "your", as those terms are defined by the Policy. [*Id.*]

**2. Depositions Of The Parties.** On August 17, 2021, State Farm deposed Darrell Wayne Fauber, Nina G. Rhodes, Gregory C. Fauber, and Sheri Fauber. *See* **Exhibit A** (Transcript of Deposition of Darrell Wayne Fauber ["Darrell Fauber Dep."]); **Exhibit B** (Transcript of Deposition of Nina G. Rhodes ["Rhodes Dep."]); **Exhibit C** (Transcript of Deposition of Gregory C. Fauber ["Gregory Fauber Dep."]); **Exhibit D** (Transcript of Deposition of Sheri Fauber ["Sheri Fauber Dep."]).

Darrell Fauber is the trustee of the Evelyn D. Dauber Trust, as well as the executor of the Estate of Evelyn D. Fauber, deceased. [Exhibit A, Darrell Fauber Dep. 7.] Darrell Fauber and his sister, Nina Rhodes, are plaintiffs in a partition suit filed against their brother, Gregory Fauber, in the Buena Vista Circuit Court. [*Id.* 7-8, 10; *see also* ECF 1-2 (Complaint for Partition).] In the partition suit, the Buena Vista Circuit Court appointed a Commissioner in Chancery (Malcolm Crawford) to hear evidence and issue a Report. [Darrell Fauber Dep. 11-12; **Exhibit F** (Deposition Exhibit 4 – Commissioner's Report); **Exhibit G** (Deposition Exhibit 5 – Transcript of Commissioner's Hearing).] An evidentiary hearing was conducted by the Commissioner in Chancery on April 21, 2021. [**Exhibit G** (Transcript of Commissioner's

4

Hearing).] On July 9, 2021, the Commissioner in Chancery filed a Report recommending that the subject property be sold. [**Exhibit F** (Commissioner's Report).] On August 2, 2021, the Buena Vista Circuit Court confirmed the Commissioner's Report and ordered that the Commissioner proceed to conduct a sale of the subject property. [Darrell Fauber Dep. 12-13; **Exhibit L** (August 2, 2021 Order entered by Buena Vista Circuit Court).] After the property is sold, the Commissioner will issue a Report regarding apportionment of the costs of sale and disposition of the net proceeds. [**Exhibit L** (August 2, 2021 Order).]

Darrell Fauber testified that the subject dwelling (440 E. 12th St., Buena Vista, VA) has been vacant and "abandoned" since the November 23, 2018 fire. [Darrell Fauber Dep. 14-15, 24.] To the best of his knowledge, no repairs have been performed to the house since the fire. [*Id.* at 24.] Mr. Fauber acknowledges that on December 20, 2018, State Farm issued a payment for $61,059.97 for repairs to this property. [*Id.* at 26.] To his knowledge, however, none of those proceeds have been used to repair the dwelling. [*Id.*] The house will be sold "as-is" at the court-ordered auction sale; no repairs will be performed prior to the sale. [*Id.* at 28.]

Darrell Fauber explained that at the time of the fire, his mother Evelyn Fauber had a two-thirds ownership interest in the dwelling. [*Id.* at 16, 33.] Darrell Fauber was acting as conservator and guardian for his mother at that time. [*Id.* at 17.] Evelyn Fauber passed away after the fire. [*Id.* at 17-18.] On January 22, 2019, Darrell Fauber was qualified as the Executor of the Estate of Evelyn D. Fauber. [*Id.* at 18.] Mr. Fauber acknowledges that he never purchased insurance for the dwelling on his own behalf or on behalf of his mother [*Id.* at 23.] Mr. Fauber explained that in his capacity as the administrator of the Estate of Evelyn Fauber, he is asserting a claim to the State Farm insurance proceeds because the Estate has a two-thirds ownership interest in the property. [*Id.* at 28, 30, 33.]

5

Nina Gail Fauber Rhodes also gave a deposition in this matter. [**Exhibit B**.] Ms. Rhodes has asserted a claim to the State Farm insurance proceeds in her capacity as trustee for the benefit of Evelyn D. Fauber. [Rhodes Dep. at 6.] Ms. Rhodes testified that in 2013, prior to her mother's passing, a trust was created (due to her mother's dementia) which acquired an interest in the subject dwelling (440 E. 12th St., Buena Vista, VA). [*Id.* at 6-7.] Ms. Rhodes explained that she and her brother, Darrell Fauber, filed the partition suit in Buena Vista Circuit Court "as soon as we understood my mom was going to go into an assisted living", in order to obtain funds to support their mother. [*Id.* at 8-9.] Similar to Darrell Fauber, Ms. Rhodes acknowledges that she is not a named insured under the State Farm policy, but states she is asserting a claim to the State Farm insurance proceeds based on her mother's (or the estate's) two-thirds ownership interest in the property. [*Id.* at 11-13, 16-18.]

Gregory Fauber also testified by deposition on August 17, 2021. [**Exhibit C**.] Gregory Fauber and his wife, Sheri, lived at the subject property (440 E. 12th St., Buena Vista, VA) at the time of the fire on November 23, 2018. [Gregory Fauber Dep. at 7, 10.] They had been living there since 1999. [*Id.* at 10.] At the time of the fire, Gregory and Sheri Fauber insured the property under a State Farm Homeowners Policy. [*Id.* at 9-10; **Exhibit J** (Deposition Exhibit 9 – State Farm Homeowners Policy).] They reported a claim to State Farm in connection with the fire loss. [Gregory Fauber Dep. at 11.] State Farm adjusted the claim and made payments totaling $172,531.56, including a payment in the amount of $61,059.97 for damage to the dwelling. [*Id.*] Mr. Fauber acknowledges that none of those insurance proceeds were used to perform repairs to the property, adding "the residence is still the same as it was." [*Id.* at 12.] The house has been vacant and unrepaired since the date of the fire, and no repairs are planned or anticipated. [*Id.* at 13.] Mr. Fauber confirmed that no repairs will be performed prior to the

court-ordered sale of the property. [*Id.* at 18.] The house will be sold "as is", and then the proceeds will be divided between Mr. Fauber and his siblings, Darrell Fauber and Nina Rhodes, in accordance with the Buena Vista Circuit Court's orders in the partition suit. [*Id.* at 24-25.]

Sheri Fauber also testified by deposition. [**Exhibit D**.] Prior to the fire on November 23, 2018, Sheri Fauber states that she and her husband, Gregory Fauber, had lived at the subject property (440 E. 12th St., Buena Vista, VA) for about 19 years. [Sheri Fauber Dep. at 5-6.] At the time of the fire, Sheri Fauber and Gregory Fauber were named insureds under the subject State Farm Homeowners Policy. [*Id.* at 10-11.] After the fire, Sheri and Gregory notified State Farm of the loss and made a claim under the policy. [*Id.* at 16.] State Farm adjusted the claim and made payments totaling $172,531.56, including a payment in the amount of $61,059.97 for damage to the dwelling. [*Id.* at 16-17.] None of the insurance proceeds have been used to repair the house. [*Id.* at 17.] Mrs. Fauber confirmed that the house has been vacant since the fire; no repairs have been performed since the fire, and no repairs are anticipated in the future. [*Id.* at 14, 17, 30.] Mrs. Fauber confirmed that pursuant to the Buena Vista Circuit Court's order in the partition suit, the property will be sold in its current, "as is" condition, and that the net sale proceeds will be allocated between Gregory Fauber (who has a one-third ownership interest) and the Estate of Evelyn Fauber (which has a two-thirds ownership interest). [*Id.* at 14-15, 30.]

## II. Argument

**1.      Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*

*v. Catrett*, 477 U.S. 317 (1986).[2] When reviewing the evidence on summary judgment, the Court must view the facts and inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). If a motion for summary judgment is properly made and supported, the burden shifts to the opposing party to show that a genuine dispute of material fact exists. *See Celotex Corp., supra*, 477 U.S. at 323-24. "Where ... the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *United States v. Lee,* 943 F.2d 366, 369 (4th Cir. 1991) (citing *Matsushita, supra,* 475 U.S. at 587).

"Summary judgment is particularly well-suited for resolution of insurance coverage disputes because the construction of insurance contracts is a legal question." *Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 512 (E.D. Va. 2011) (citation omitted).

**2.     State Farm Has No Obligation To Pay Or Honor The Adverse Claims Made By Defendants Darrell Wayne Fauber And Nina G. Rhodes.**

The record of this case plainly demonstrates that State Farm has no duty or obligation under the Policy to pay or honor the Adverse Claims made by Defendants Darrell Wayne Fauber and Nina G. Rhodes (both individually and in their capacities as trustees, executors and/or legal representatives of the estate of Evelyn D. Fauber, deceased).

As summarized above, at the time of the fire, Defendants Sheri Fauber and Gregory C. Fauber were the named insureds shown in the Declarations Page of the Policy. [ECF 1, Complaint ¶ 14; ECF 1-1.] The Section I – Conditions of the Policy provide in part: "We will adjust all losses with you. We will pay you unless some other person is named in the policy."

---

[2] "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp., supra*, 477 U.S. at 327 (citing Rule 1 of the Federal Rules of Civil Procedure).

[ECF 1, Complaint ¶ 15; ECF 1-1 (Homeowners Policy (Form FP-7155.5), at p. 13, ¶ 8)]. The Policy defines "you" and "your" in part as the "named insured" shown in the Declarations, and "your spouse … if a resident of your household." [*Id.*, ECF 1-1, Homeowners Policy (Form FP-7155.5), at p. 1 (Definitions)].

"As with any contract, an insurance policy is to be interpreted in accordance with the plain meaning of the language contained in its provisions." *State Farm Fire & Cas. Co. v. Nationwide Mut. Ins. Co.*, 596 F. Supp. 2d 940, 945 (E.D. Va. 2009). "It is the function of the court to construe the language of the contract as written, and the court cannot make a new contract for the parties different from that plainly intended and thus create a liability not assumed by the insurer." *Id.* (citing *Quesenberry v. Nichols*, 208 Va. 667, 672, 159 S.E.2d 636 (1968)).

At all relevant times, Defendants Darrell Wayne Fauber and Nina G. Rhodes (both individually and in their capacities as legal representatives of the decedent and/or the decedent's estate) are and have been strangers to the Policy.[3]  Both have acknowledged in their Answers that they were not "a policy holder" at the time of the fire. [ECF 12, 13, Answers at ¶ 16.] Neither has claimed to be an "insured" by definition under the Homeowners Policy. Instead, the sole basis for their respective Adverse Claims to the insurance proceeds is the two-thirds ownership interest formerly held by their mother, and now their mother's estate. Clearly, neither claimant qualifies as an "insured", and neither qualifies as "you" or "your", as those terms are defined by the Policy. Consequently, Defendants Darrell Wayne Fauber and Nina G. Rhodes

---

[3] Generally speaking, third party claimants who are "strangers" to an insurance contract lack standing to enforce an insured's contractual rights.  *See, e.g., Tufano v. State Farm Mut. Auto. Ins. Co.*, 854 Fed. Appx. 134, 136, 2021 WL 1043116 (9th Cir. Mar. 18, 2021) (noting that litigant was "a stranger to Acero's insurance policy with State Farm and lacks standing to enforce Acero's contractual rights"); *S & W Mobile Home & RV Park, LLC v. B&D Excavating & Underground, LLC*, No. 1-17-CV-9, 2017 WL 3129752, at *12 (D.N.D. July 21, 2017) ("generally speaking, a third-party claimant does not have standing to litigate the question of insurance coverage between an insured and insurer for want of an interest in the insurance contract.").

9

(both individually and in their capacities as legal representatives of the decedent and/or the decedent's estate) lack standing to assert a claim to the insurance proceeds.

State Farm therefore requests a declaratory judgment finding that State Farm has no duty or obligation under the Policy to pay or honor the Adverse Claims made by Defendants Darrell Wayne Fauber and Nina G. Rhodes (both individually and in their capacities as trustees, executors and/or legal representatives of the estate of Evelyn D. Fauber, deceased).

**3.     Interpleader.**

Alternatively, in the event the Court determines that the Adverse Claimants (Defendants Darrell Wayne Fauber and Nina Rhodes) have asserted a valid claim to the insurance proceeds, State Farm requests that it be permitted to interplead the remaining actual cash value payment of $51,328.95 pursuant to Fed. R. Civ. P. 22.

"Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." *Allstate Life Ins. Co. v. Ellett*, No. 2:14CV372, 2015 WL 500171, at *1 (E.D. Va. Feb. 4, 2015) (citing *Security Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002). "It is designed 'to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund.'" *Id.*

As alleged in the Complaint, the claims presented by the defendants named herein to the insurance proceeds are adverse and may expose State Farm to double or multiple liability. The multiple claims of the defendants are derived from and are dependent upon a common source, to wit, the remaining indemnity payment of $51,328.95 under Section I, Coverage A of the Policy, as summarized above. In the event the Court determines that the Adverse Claimants have presented valid Adverse Claims to the Coverage A insurance proceeds, an Order should be

10

entered directing that the outstanding Coverage A insurance proceeds payable under the Policy (to wit, the remaining indemnity payment of $51,328.95 under Section I, Coverage A of the Policy)[4] be paid or tendered into Court and, upon payment into Court, that State Farm shall be discharged from any further liability therefore.

### III. Conclusion and Prayer For Relief

The premises considered, State Farm Fire and Casualty Company prays that this Honorable Court grant its Motion for Summary Judgment and declare that State Farm has no duty or obligation under the Policy to pay, honor or otherwise respond to the Adverse Claims made by Defendants Darrell Wayne Fauber and Nina G. Rhodes (both individually and in their capacities as trustees, executors and/or legal representatives of the estate of Evelyn D. Fauber, deceased), since they are strangers to the insurance contract and lack standing to assert a claim to the proceeds.  Alternatively, in the event the Court determines that the Adverse Claimants have asserted a valid claim to the insurance proceeds, State Farm requests an Order which permits State Farm to deposit the remaining insurance proceeds payable under Section I, Coverage A of the Policy (totaling $51,328.95) into the registry of this Court, and requires the defendants to interplead their respective claims thereto, pursuant to Fed. R. Civ. P. 22; and which orders that upon payment of such insurance proceeds into Court, State Farm shall be forever discharged from any and all liability to the defendants and to any other person or entity claiming entitlement to said proceeds by or through the defendants.  State Farm further requests an award of its costs; and for such other and further relief as the Court deems appropriate.

---

[4] Based on the deposition testimony summarized above, there is no dispute that the damaged part of the dwelling has not been repaired since the fire, and that no repairs will be performed prior to the court-ordered sale of the property in the partition suit.  Consequently, the amount previously withheld for depreciation / replacement cost ($55,848.28) under Section I, Coverage A of the Policy will not be owed or payable under the Loss Settlement provisions of the Policy, which provides that such depreciation (replacement cost) is only recoverable at such time as repair or replacement of the damaged part of the dwelling is actually completed in accordance with the policy terms.

11

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

By:   */s/ Alexander S. de Witt*
      Alexander S. de Witt, Esq. (VSB 42708)
      FREEBORN & PETERS LLP
      901 East Byrd Street, Suite 950
      Richmond, Virginia 23219
      Telephone: (804) 644-1300
      Direct: (804) 799-7790
      Facsimile: (804) 644-1354
      Email: adewitt@freeborn.com
      *Attorney for State Farm Fire and Casualty Co.*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 24, 2021, I electronically filed the foregoing BRIEF IN SUPPORT OF STATE FARM'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users. I further certify that on September 24, 2021, a true copy of the foregoing BRIEF IN SUPPORT OF STATE FARM'S MOTION FOR SUMMARY JUDGMENT was delivered by first-class U.S. mail, postage prepaid to:

DARRELL WAYNE FAUBER
Executor of the Estate of Evelyn D. Fauber, Deceased
1014 E. 22nd Street
Buena Vista, VA 24416

NINA G. RHOADES
Trustee for the benefit of Evelyn D. Fauber
101 W. Village Dr., Apt. 304
Staunton, VA 24401

GREGORY C. FAUBER
2373 Sycamore Avenue
Buena Vista, VA 24416-3031

SHERI FAUBER
2373 Sycamore Avenue
Buena Vista, VA 24416-3031

      */s/ Alexander S. de Witt*
      Alexander S. de Witt, Esq. (VSB # 42708)