CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/3/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>        *Plaintiff*,<br><br>v.<br><br>DARREL WAYNE FAUBER, *ET AL.*,<br><br>        *Defendants.* | CASE NO. 6:20-cv-00025<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on Plaintiff's motions for summary judgment, Dkt. 16, and default judgment, Dkt. 20. The facts of the case are undisputed. On November 23, 2018, the dwelling located at 440 East 12th Street in Buena Vista caught fire and was damaged. The residents of that dwelling, Gregory Fauber and his wife Sheri Fauber, had insured the building with State Farm. Despite being the only insured named on the policy, Gregory and Sheri were not the only owners of the dwelling. Gregory held a one-third interest, while Gregory's mother held a two-thirds interest. A dispute has arisen about who benefits under the policy, and State Farm asks this Court for a declaratory judgment that State Farm has no obligation to the estate of Gregory's mother, Evelyn Fauber, or Gregory's two siblings, Darrel Fauber and Nina Rhodes. State Farm also asks for an award of its costs, as well as a default judgment binding Gregory and Sheri Fauber to the Court's ultimate disposition in this case. State Farm's motions will be granted.

  Entry of summary judgment is proper when, as here, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A federal court sitting in diversity must apply the substantive law of the forum state, including its choice of law rules. *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). Virginia follows the general principle that an insurance contract is interpreted pursuant to the law of the place where the policy was delivered. *Buchanan v. Doe*, 246 Va. 67, 70 (1993). Thus, because the Homeowners policy was delivered in Virginia, *see* Dkt. 17, Ex. J at 2, it will be interpreted pursuant to Virginia law.

The Supreme Court of Virginia has held that

> An insurance policy is a contract, and, as in the case of any other contract, the words used are given their ordinary and customary meaning when they are susceptible of such construction. Additionally, in the absence of ambiguity . . . we must interpret the contract by examining the language explicitly contained therein. [W]here an agreement is complete on its face, [and] plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself.

*School Bd. of City of Newport News v. Commonwealth*, 279 Va. 460, 468 (Va. 2010) (quoting *Graphic Arts Mut. Ins. Co. v. C.W. Warthen Co.*, 240 Va. 457, 459 (Va. 1990)) (alterations in original).

Gregory and Sheri's policy is unambiguous about its beneficiaries. It provides that State Farm will "adjust all losses with you. We will pay you unless some other person is named in the policy." Dkt. 17, Ex. J at 18. The policy further defines "you" and "yours" as the "named insured" shown in the Declarations, and "your spouse . . . if a resident of your household." *Id*. at 6. Because only Gregory and Sheri are named in the policy, the Court finds that State Farm owes no obligation under the policy to Darrell Fauber, Nina Rhoades, the Estate of Evelyn D. Fauber or the Evelyn Fauber Trust.

State Farm also seeks a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), determining that Gregory and Sheri Fauber are bound by the Court's resolution of this matter.

State Farm filed its complaint on April 17, 2020. Dkt. 1. Gregory and Sheri Fauber were served with process by posted service at their last known residence on July 6, 2020. Dkts. 9, 10. Neither Gregory nor Sheri has filed any motions or responsive pleadings. On September 27, 2021, the Clerk of the Court filed an entry of default as to Gregory and Sheri Fauber pursuant to Fed. R. Civ. P. 55(a). Dkt. 22.

"Rule 55 of the Federal rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (internal quotation marks omitted). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, entry of default judgment is committed to the discretion of the Court. *Id*.

The Court has examined the pleadings, the service of process, and the record in this case. As it is apparent that Gregory and Sheri have not timely responded to the complaint, nor otherwise shown any intention of intervening in this matter, the Court finds that it is appropriate to grant State Farm the relief sought. Accordingly, Gregory and Sheri are hereby on notice that they will be bound by this Order's disposition of the case.

State Farm's motions for summary judgment and default judgment, Dkts. 16, 20, are **GRANTED**. State farm will also be awarded its costs pursuant to Fed. R. Civ. P. 54(c).

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Order to the parties.

Entered this 3rd day of November, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE